FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

NOV 16 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| Henry C. Hopkins, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> Hank Galetka, <br> Defendant. | ORDER <br><br><br><br><br><br> Case No. 2:99-cv-00652 |

Petitioner, Henry C. Hopkins, filed with the court a Motion for Relief from Judgment or Order. Relying on rule 60(b) of the Federal Rules of Civil Procedure, Hopkins seeks to set aside this court's September 17, 2001 Order dismissing his petition for habeas corpus under 28 U.S.C. § 2254 for failing to comply with the statute of limitations. Hopkins v. Galetka, 2:99-cv-00652,Order (Sept. 17, 2001). Hopkins argues that he should be relieved from the dismissal order due to fraud and because the judgment was void. The court concludes that Hopkins's fraud argument is untimely and that the judgment is not void.

"Rule 60(b) 'relief is extraordinary and may only be granted in exceptional circumstances.'" Beugler v. Burlington Northern & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) (quoting Amoco Oil Co. V. EPA, 231 F.3d 694, 697 (10th Cir. 2000). To obtain relief a "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Specifically, a motion based on fraud must be made "no more than a year after the entry of the

judgment or order." Id.  In this case, the court's order dismissing petitioner's petition for habeas

corpus was entered in September 2001, eight years prior to the motion before the court. By the

plain language of the rule, petitioner's claim of fraud is untimely.  Arguments that the judgment

is void, however, are "not subject to any time limitations." Orner v. Shalala. 30 F.3d 1307, 1310

10th Cir. 1994).  Accordingly, the court considers Hopkins's argument that the order was void.

An order is void for Rule 60(b)(4) purposes if the "rendering court was powerless to enter

it" due to lack of jurisdiction over the parties or subject matter.  Gschwind v. Cessna Aircraft

Co., 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224

(10th Cir. 1979).  In his motion, Hopkins failed to set forth any argument that would entitle him

to relief under this standard. The court notes, that as a matter of statute, the district court has

jurisdiction over petitions for habeas corpus. See 28 U.S.C. § 2241(a) (2008).

Finally, Hopkins does not offer "any other reason" in his motion that merits relief under

rule 60(b)(6).  Therefore petitioner's motion is DENIED.

IT IS SO ORDERED.

Dated this 15th day of November, 2009.

By the Court:


_____

Dee Benson

District Court Judge